UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: | |
| JOE S. ALEXANDER | CASE NO.: 06-10238(1)(7) |
| Debtors | |

## MEMORANDUM-OPINION

This matter came before the Court on the following Motions of Debtor Joe S. Alexander ("Debtor"): Motion to Compel Adversary Proceeding, Motion to Vacate Order of Abandonment, Motion to Compel United States Trustee's Office to Provide Debtor Copy of Complaint Review, Motion to Appoint New Trustee, and Motion to Compel Adversary Proceeding.  Each Motion came before the Court for hearing on July 21, 2011.  The Debtor appeared *pro se*.  Also appearing were counsel for Trustee, Mark Flener, counsel for attorney Scott Bachert and the United States Trustee.  The Court considered the arguments of Debtor and counsel for the parties, as well as the written submissions of each party on the pending Motions.

## PROCEDURAL AND FACTUAL BACKGROUND

On or about February 10, 2006, Debtor was named as a Defendant in a civil action in Barren Circuit Court filed by Mammoth Medical, Inc. ("Mammoth").

On March 3, 2006, Debtor consulted with and retained attorney Scott Bachert ("Bachert") regarding legal representation and bankruptcy advise in an effort to stay the Barren Circuit Court civil action and to deal with tax issues and pending financial matters.

On or about April 17, 2006, Bachert filed the Voluntary Petition on behalf of Debtor seeking relief under Chapter 13 of the United States Bankruptcy Code. The civil matter pending in the Barren Circuit Court was stayed by the filing of the Voluntary Petition pursuant to 11 U.S.C. §362.

On or about April 27, 2006, Debtor's bankruptcy case was converted from a Chapter 13 proceeding to one under Chapter 11 of the United States Bankruptcy Code.

On or about May 16, 2006, Debtor filed a Motion to Sell Real Estate regarding real property he owned located at 602 Johnny's Lane, Scottsville, Kentucky pursuant to 11 U.S.C. §363. Debtor sought a sale by public auction. The home had been mortgaged in the amount of $117,876.69 to Monticello Banking Company.

On or about April 30, 2006, Mammoth filed a motion seeking relief from the automatic stay of 11 U.S.C. §362 to proceed with its litigation against Debtor in the Barren Circuit Court. Debtor filed an Objection to that motion on June 9, 2006. Monticello Banking Company also objected to Mammoth's Motion on June 26, 2006.

On or about June 14, 2006, Debtor filed a Motion to Convert his case from one under Chapter 11 of the Code to one under Chapter 7 of the United States Bankruptcy

Code.  That Motion was granted on June 16, 2006.  Also on June 16, 2006, Mark Flener was appointed as the Chapter 7 Trustee on Debtor's case.

On June 30, 2006, the Court entered an Order modifying the automatic stay to allow Mammoth to proceed with the Barren Circuit Court action against Debtor in order to liquidate its claim.

On October 5, 2006, Trustee Flener filed a Motion to Compel Sale of the Real Estate Tracts 1-4 of Debtor's farm and house.

On November 15, 2007, the Court entered an Order allowing Bachert to withdraw as attorney for the Debtor.

On December 27, 2007, Debtor received his Order of Discharge in the Chapter 7 case.

On February 5, 2008, Flener, as Trustee of Debtor's bankruptcy estate, filed a Motion to Abandon "alleged legal malpractice" claims against various counsel for alleged claims that arose prior to the Debtor's bankruptcy filing and those that took place after the filing of the bankruptcy petition.  No objections were filed to the Trustee's Motion and the Court granted the Trustee's Motion on February 25 , 2008.

In June 2008, Debtor retained attorney Vanessa Cantly to proceed on the alleged malpractice claim against Bachert.  Bachert entered into a "Tolling Agreement" with Cantly to give her an opportunity to investigate Debtor's allegations.  The Tolling Agreement ran for one year beginning September 23, 2008.  A second Tolling Agreement was signed by

Cantly and Bachert's legal malpractice insurance carrier on September 22, 2009 for a period of six months. That time period expired in March 2010.

In November 2010, attorney Cantly informed Debtor that she did not have time to pursue the alleged malpractice action and returned his file to him.

## **LEGAL ANALYSIS**

The Court will address each of the Debtor's Motions separately.

A.  <u>Motion to Compel</u>.

On June 13, 2011, Debtor filed a Motion to Compel Trustee Flener to file an adversary proceeding against attorney Bachert. Debtor alleges that from June 6, 2006 through November 28, 2008 Trustee became aware of concealed pre-petition financial transactions by Bachert involving Debtor. Debtor contends that the automatic stay should not have been terminated and that Trustee should have pursued the matter against Bachert. Debtor claims that on or about October 7, 2007, Debtor advised Trustee fully of potential malpractice claims against Bachert, but that the Trustee abandoned such claims in 2008.

The record of this case clearly demonstrates that Debtor had an opportunity to pursue his alleged malpractice claim against attorney Bachert, that he had an opportunity to object to the Trustee's abandonment of the claim and that he failed to diligently pursue his legal options. This claim is now barred as a matter of law.

Debtor claims that the actions of Bachert that allegedly gave rise to a malpractice claim occurred pre- and post-petition. Only those events that occurred pre-petition were property of the bankruptcy estate. The Trustee's duty under 11 U.S.C. §704 was to administer assets of the estate for the benefit of creditors. Thus, it was only the alleged actions that arose pre-petition that were within the province of the Trustee. All other claims or actions were solely the Debtor's responsibility to pursue.

In any event, any malpractice claim against Bachert was barred by the Kentucky statute of limitations regarding malpractice claims. KRS 413.245 requires that any action for negligent professional services, "shall be brought within one (1) year from the date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered by the party that is injured." The record clearly demonstrates that Debtor became aware of and/or discovered any alleged claim in November 2007. Any claim that the estate may have had would have expired in November 2008.

However, the abandonment of the claim by the Trustee re-vested the claim in the Debtor by Order of the Court dated February 25, 2008, at least eight full months before the statute of limitations ran on the claim. Debtor had knowledge of any alleged claim and he did not challenge or contest the Trustee's efforts to abandon the claim and re-vest it in the Debtor. The record reflects that Debtor was served with the Trustee's Motion to Abandon, as well as the Court's Order granting that Motion. Debtor did not object to the Motion nor did he take any appeal from the Court's Order. Debtor has no grounds to now compel the

Trustee to pursue the claim. The responsibility for pursuing the claim lay solely with the Debtor and he did not timely act on the claim.

More troubling to the Court is Debtor's failure to mention in his filings to the Court that he had retained the services of an attorney to pursue the claim against Bachert. The lawyer was active enough in the matter to obtain two Tolling Agreements regarding the statute of limitations until March 2010. The claim, however, was not pursued. The Trustee had no responsibility to pursue the claim after it was abandoned.

The Debtor also has no legal grounds to have the U.S. Trustee's office pursue an adversary proceeding against Bachert. The U.S. Trustee's office does not pursue private claims on behalf of individuals, except for instances not present in this case. *See*, 5 C.F.R. §3801.106(b)(1) and 11 U.S.C. §782(b). The Trustee Program Officials' duties are limited. *See*, 28 U.S.C. §586. These duties do not encompass the relief requested by Debtor.

For all of the above reasons, the Court has no legal basis to compel either the Chapter 7 Trustee or the U.S. Trustee Program Officials to institute an adversary proceeding on claims that have expired and that were abandoned by the estate.

B.    <u>Motion to Vacate Order of Abandonment</u>.

Debtor also requests the Court to enter an Order vacating the Order of Abandonment entered by the Court on the Trustee's Motion on February 25, 2008. Debtor does not claim that he had no notice of the Trustee's intent to abandon the potential malpractice claim against Bachert. In fact, the record shows that the Motion to Abandon

and the Court's Notice for Objections were mailed to Debtor at his residence in Bowling Green, Kentucky. No objections were filed, nor was a motion to reconsider the order filed or an appeal filed by the Debtor or pursued by anyone on his behalf.

The alleged malpractice claim was abandoned to the Debtor by the Order of February 25, 2008. The Debtor could have proceeded on his own, and pursued the action in state court at that point. This Court has stated that, "the revocation of abandonments will be allowed in those extraordinary situations where the provisions of Fed. R. Bankr. P. 9024 are met and the equities dictate that the abandonment be set aside." *In re Brinley*, 347 B.R. 613 (Bankr. W.D. Ky. 2006). Under Rule 9024, which incorporates Rule 60 of the Federal Rules of Civil Procedure, it states in pertinent part:

> (b) On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . .
>
> (3) fraud, misrepresentation, or misconduct of an opposing party; . . .

(c)(1) A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1)(2) and (3) no more than a year after entry of the judgment or order of the date of that proceeding.

The only grounds that could possibly apply to the Debtor's Motion to Vacate are (1), (2) or (3). Even if any of these grounds applied, which the Court does not believe do, the motion is untimely and well beyond the one year applicable time limit. Accordingly, the fact that Debtor failed to object to the Trustee's Motion to Abandon, failed to seek reconsideration of the Order of Abandonment, failed to timely pursue the claim in state court and failed to take any steps with this Court to have the Order abandoning the alleged malpractice claim vacated until nearly three years after entry of the Order, require this Court to deny the Debtor's Motion to Vacate.

    C.    <u>Motion to Compel U.S. Trustee's Office to Provide Debtor Copy of Complaint Review</u>.

On July 18, 2011, Debtor filed his Motion to Compel United States Trustee's Office to Provide Debtor a Copy of Complaint Review. In that Motion, Debtor contends that he sent a letter of Complaint to the United States Trustee, Joseph Golden, regarding Chapter 7 Trustee Mark Flener's failure to file an adversary proceeding against Bachert. Debtor then requested, by letter, dated February 7, 2011 that Mr. Golden provide him with a copy of his findings and responses to his Complaint. Mr. Golden responded in writing to Debtor on March 30, 2011 that he investigated the matter and found no misconduct on Trustee Flener's part. Debtor seeks an order from this Court requiring the United States Trustee's Office to "provide him with a copy of questions presented to and responses from Mr. Flener

and all other documentation regarding the inquiry of review of Debtor's February 2, 2011 Complaint in compliance with the Federal Freedom of Information Act of January 21, 2009."

The United States Trustee is under the general supervision of the United States Attorney General. 28 U.S.C. §586(c). The purpose of the Freedom of Information Act is to ensure that any person, whether or not he/she has an interest in the matter at issue, may obtain public documents as long as the information is not subject to a privilege. *Federal Open Mkt. Comm. Of the Fed. Reserve v. Merrill*, 443 U.S. 340 (1979).

The Trustee's Office claims the requested information is the agency's work product. The documents at issue are "agency records" under 5 U.S.C. §552(a)(3). The proper procedure for initiating such a request is to address the request to the Office of General Counsel, Executive Office for the United States Trustee's Program. Comprehensive information regarding contact locations and specifications are provided on the website which was set forth by the United States Trustee's Office at the hearing held on the matter, www.FOIA.gov. These procedures were not followed in this case and the Court cannot grant the Debtor's Motion.

> D. <u>Motion to Appoint New Trustee and Motion to Compel Adversary Proceeding</u>.

On July 11, 2011, Debtor filed a Motion to Appoint New Trustee seeking an Order appointing a new Chapter 7 trustee to pursue an adversary proceeding against his former bankruptcy attorney. Debtor incorrectly states that the Trustee could prosecute his claims

that are the same subject of the Motion to Compel addressed in Section A of this Memorandum-Opinion. For the same reasons that the Court must deny the Motion to Compel, the Court must deny Debtor's Motion to Appoint a New Trustee. The claim referred to is no longer property of the estate and was abandoned to the Debtor by Order dated February 25, 2008. At that time, the claim became the sole responsibility of the Debtor. The Motion to Appoint a New Trustee has no legal merit and must be denied.

Also on July 11, 2011, Debtor filed another Motion to Compel Adversary Proceeding seeking an Order compelling the Chapter 7 Trustee to prosecute an adversary proceeding against his former bankruptcy counsel. For the same reasons stated above, this Motion also has no legal merit and must be denied.

## **CONCLUSION**

For all of the above reasons, the Court will enter the attached Order denying the Motion of Debtor Joe Alexander to Compel Adversary Proceeding, to Vacate Order of Abandonment, to Compel U.S. Trustee's Office to Provide Debtor Copy of Complaint Review, to Appoint a New Chapter 7 Trustee and to Compel Adversary Proceeding.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: August 17, 2011

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:

JOE S. ALEXANDER                               CASE NO.: 06-10238(1)(7)

_____Debtors_____

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the following Motions of Debtor Joe S. Alexander: Motion to Compel Adversary Proceeding, Motion to Vacate Order Abandonment, Motion to Compel United States Trustee's Office to Provide Debtor Copy of Complaint Review, Motion to Appoint New Trustee and Motion to Compel Adversary Proceeding, be and hereby are, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: August 17, 2011