**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

IN RE: )
)
JOE S. ALEXANDER )
) CASE NO. 06-10238(1)(7)
Debtor(s) )

**MEMORANDUM-OPINION**

This motion is before the Court on the Trustee's Motion for Authorization to Appoint Michael Fiorella and Firm of Sullivan, Mountjoy, Stainback & Miller, P.S.C. *Nunc Pro Tunc* pursuant to §§328(a) and 1107(b) of the United States Bankruptcy Code. Objections to the Application were filed by Creditor Betty E. Alexander and Debtor Joe S. Alexander ("Debtor"). The Court considered the Application of the Trustee, Mark H. Flener ("Trustee"), the Objections and comments of counsel for the Trustee and the Creditor and Debtor at the hearing on the matter. For the following reasons, the Court must **DENY** the Application.

**PROCEDURAL BACKGROUND**

On April 17, 2006, Debtor filed a Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code.

On April 27, 2006, the Court entered an Order converting the case to one under Chapter 11 of the United States Bankruptcy Code.

On June 16, 2006, the Court entered an Order converting the case to one under Chapter 7 of the United States Bankruptcy Code. Mark Flener was appointed as the Chapter 7 Trustee.

On November 28, 2006, the Trustee filed his Application to be Employed as Attorney for the Debtor's Estate. An Order approving his Application was entered on December 20, 2006.

On December 27, 2007, an Order discharging the Debtor was entered.

On April 15, 2008, an adversary proceeding was filed by the Trustee against Defendants Betty Alexander, the Debtor's spouse, and Monticello Banking Company ("the Bank") seeking to avoid and recover fraudulent and/or preferential transfers pursuant to 11 U.S.C. §§544, 547, 548, 550 and KRS 378.010, 378.020 and 378.060. The attorney of record on behalf of the Trustee on the Complaint was Michael A. Fiorella of Sullivan, Mountjoy, Stainback & Miller, P.S.C.

The adversary proceeding against Betty Alexander was settled and that settlement was approved by an Order entered May 15, 2009.

The adversary proceeding against the Bank continued. The parties conducted substantial discovery and following that discovery, the parties filed extensive briefs on the preference and avoidance issues.

On June 4, 2010, an Order entering Judgment in favor of the Trustee and against the Bank on the Complaint was entered by the Court. This Court's Judgment was affirmed on

appeal by the United States District Court on December 29, 2010. The matter was then appealed to the United States Sixth Circuit Court of Appeals. The Sixth Circuit Court of Appeals affirmed this Court's Judgment by Order entered on December 15, 2011.

On December 28, 2011, Trustee filed his Application to Employ Fiorella as the attorney for the estate requesting *nunc pro tunc* entry of the Order approving the Application as of April 4, 2008 for representation of the estate in the adversary proceeding against the Bank and Betty Alexander.

**LEGAL ANALYSIS**

The Bankruptcy Code clearly requires prior court approval of counsel on behalf of a debtor or debtor's estate. A trustee may not employ a professional on behalf of an estate without the court's prior approval. *See*, 11 U.S.C. §§327(a) and 1107(a). The purpose of these Code sections is to allow the Court an opportunity to perform a screening process, verify the necessity of the appointment, limit estate expenses and promote efficient administration of the bankruptcy estate. 2 LAWRENCE P. KING, Collier on Bankruptcy, §327.03 (16th Ed. 2009); *In re Aultman Enterprises*, 264 B.R. 485, 490 (E.D. Tenn. 2001).

Courts within the Sixth Circuit have held that bankruptcy courts have discretion to grant *nunc pro tunc* relief under 11 U.S.C. §327(a) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure. The Sixth Circuit Court of Appeals, however, has not definitively set forth guidance for the bankruptcy courts to follow in this regard. Other bankruptcy courts, and indeed this Court, have followed those factors set forth in *In re Twinton Properties*

*Partnership*, 27 B.R. 817 (Bankr. M.D. Tenn. 1983). In that case, the analysis was set forth as follows:

> The court will carefully scrutinize all *nunc pro tunc* requests under strictly interpreted criteria. Specifically, an applicant for *nunc pro tunc* employment of a professional person must affirmatively demonstrate each of the following by clear and convincing evidence:
>
> (1) The debtor, the trustee or committee expressly contracted with the professional person to perform the services which were thereafter rendered;
>
> (2) The party for whom the work was performed approves the entry of the *nunc pro tunc* order;
>
> (3) The applicant has provided notice of the application to creditors and parties in interest and has provided an opportunity for filing objections;
>
> (4) No creditor or party in interest offers reasonable objection to the entry of the *nunc pro tunc* order;
>
> (5) The professional satisfied all of the criteria for employment pursuant to 11 U.S.C. §327 (West 1979) and Rule 215 of the Federal Rules of Bankruptcy Procedure at or before the time services were actually commenced and remained qualified during the period for which services were provided;
>
> (6) The work was performed properly, efficiently and to a high standard of quality;
> (7) No actual or potential prejudice will inure to the estate or other parties in interest;
>
> (8) The applicant's failure to seek pre-employment approval is satisfactorily explained; and

> (9) The applicant exhibits no pattern of inattention or negligence in soliciting judicial approval for the employment of professionals.

*Id.* at 819-820.

Following these factors, the Court in *In re Aultman*, 264 B.R. at 489-492, determined that a trustee's "simple neglect" in failing to file an application did not rise to the level of "extraordinary circumstances" requiring *nunc pro tunc* relief. The Court also cautioned that while *nunc pro tunc* relief should be limited, the Court must be careful to identify those cases in which "blind adherence to procedural formalities would work an injustice. " *Id.* at 492. Against this backdrop, this Court will use these guidelines to determine whether *nunc pro tunc* relief is warranted in this case.

Of the nine factors in *Twinton*, the Application satisfies factors 1, 2, 3, 5, 6 and 9. However, number 4 is not met as the Debtor and his spouse, a creditor, the two parties most affected by the Application's approval, have raised objections. Factor 7 is not met as there has been no showing that actual or potential prejudice to the estate or other parties in interest would not occur if the Application is approved. The Court, however, realizes that strict adherence to the above factors will almost always prevent the Court from exercising its discretion on *nunc pro tunc* relief. A smaller return to creditors due to higher administrative fees would preclude relief in nearly all cases seeking *nunc pro tunc* relief. *See*, generally, *In re Greektown Holdings, LLC*, 2010 W.L. 7343848 (Bankr. N.D. Mich.).

The real issue is whether the Trustee has shown extraordinary circumstances and satisfactorily explained his failure to seek pre-employment approval. There is substantial authority for disallowing a *nunc pro tunc* employment where the failure to timely file the application is due to simply oversight or negligence. The Trustee contracted with Fiorella and his firm to provide legal counsel on behalf of the estate by at least April 2008, yet both he and Fiorella, experienced bankruptcy practitioners, did not discover that the Application to Employ had not been filed until the Trustee filed it in December 2011 – a lapse of nearly three years. The record does not provide any other reason for this delay, other than that they each believed they had filed the Application. There is no other conclusion that the Court can reach but that it was not filed due to mere oversight. Simple neglect or mere oversight are insufficient reasons to grant *nunc pro tunc* relief. *See*, *In re Aultman*, 264 B.R. at 493; *In re WDS, Inc.*, 336 B.R. 301 (Bankr. W.D. Ky. 2006); *In re Jarvis*, 53 F.3d 416, 421 (1st Cir. 1995); *In re Land*, 943 F.2d 1265 (10th Cir. 1991); *In re Blain*, 995 U.S. Dist. Lexis 12531 (E.D. Mich. 1995); and *In re Greektown Holdings, LLC*, 2010 WL 7343848 (Bankr. E.D. Mich.).

Courts in this Circuit have granted *nunc pro tunc* employment applications. *See*, *In re Federated Dept. Stores, Inc.*, 114 B.R. 501 (S.D. Ohio 1990) and *In re Microwave Products of America, Inc.*, 104 B.R. 900 (Bankr. W.D. Tenn. 1989). In these cases, however, there were relatively short time delays before the application was filed. Given the nearly three year lapse in this case and the inadequate explanation for the failure to file the Application, the

Court believes that it would be an abuse of discretion to afford the applicant the *nunc pro tunc* relief requested.

The Court acknowledges the success that the Trustee's counsel obtained thus far in the adversary proceeding. Furthermore, the Court is familiar with the Trustee and Mr. Fiorella and knows they are able, diligent and competent in their practice area. The Court regrets denying any professional fees. However, the Court adheres to the statutory scheme of the Bankruptcy Code which requires prior court approval for the hiring of professionals. This prior approval is necessary to verify the necessity of employment and to ensure the neutrality of the person employed. *In re Aultman*, 264 B.R. at 489. To provide the requested *nunc pro tunc* relief under the circumstances at bar would obviate the need for such a scheme and effectively prohibit the Debtor and parties in interest from challenging the employment at the outset. The statutory scheme functions most efficiently and effectively when these issues are handled in advance of the work being performed.

The Court, however, can approve the Application on a *nunc pro tunc* basis as of the date the Trustee filed the Application. Accordingly, the Application will be approved as of December 28, 2011.

## CONCLUSION

For all of the above reasons, the Trustee's Motion for Authorization to Employ Michael Fiorella and Firm of Sullivan, Mountjoy, Stainback & Miller, P.S.C. *Nunc Pro Tunc* from April 4, 2008 is **DENIED**. The Application, however, is approved effective December 28, 2011.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: April 30, 2012

**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JOE S. ALEXANDER ) | |
| ) | CASE NO. 06-10238(1)(7) |
| Debtor(s) ) | |

**ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Trustee's Motion for Authorization to Employ Michael Fiorella and Firm of Sullivan, Mountjoy, Stainback & Miller, P.S.C. *Nunc Pro Tunc*, be and hereby is, **DENIED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Trustee's Motion for Authorization to Employ Michael Fiorella and Firm of Sullivan, Mountjoy, Stainback & Miller, P.S.C. *Nunc Pro Tunc*, be and hereby is, approved as of December 28, 2011.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: April 30, 2012